Per Curiam.

While we in no way disparage the commendable efforts of Judge Lane at Trial Term to protect the integrity of the administration of justice in his courtroom, it is our opinion that the finding that the appellant was guilty of criminal contempt was not warranted.
Perjury, in certain circumstances, may constitute criminal contempt as well (People v. Shapolsky, 8 A D 2d 122, 127). But “ [D]irect perjury is quite different, from the kind of contempt involved in disruptive behavior that prevents a juror from hearing a witness. The system cannot work at all with disruptions (nor could any system designed to achieve truth or justice), but the system can and does work with perjury ” (The Law of Contempt, 56 Cornell L. Rev. 183). The judicial system is designed to cope with false testimony by eliciting the truth through cross-examination and other methods, and by the pertinent provisions of the Penal Law.
For false testimony to constitute a criminal contempt, it must be shown that the witness intended to obstruct the court *9 in the performance of its duty (Matter of Tamberg [Waltemade], 19 A D 2d 874). The record before us does not establish such an intent on the part of the appellant.
We do not condone the giving of false testimony. We condemn it. We are, however, constrained to hold that, in the circumstances here, the appellant was not guilty of criminal contempt.
Order reversed, without costs, and application for an order adjudging the appellant to be in contempt denied, without costs.
Concur — Markowitz, P. J., Dudley and Fine, JJ.